```
CLERK'S OFFICE U.S. DISTRICT COURT
     AT ROANOKE VA. - FILED
         APR 1 7 2008
     JOHN F. CORCORAN, CLERK
BY:  /s/ [signature] DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WAKEEL ABDUL-SABUR,<br>    Petitioner, | Civil Action No. 7:08-cv-00230 |
| v. | **MEMORANDUM OPINION** |
| COMMONWEALTH OF VIRGINIA,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Wakeel Abdul-Sabur, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He challenges the validity of his confinement pursuant to the April 1999 judgment of the Circuit Court for Albemarle County convicting him of credit card theft and forgery and sentencing him to 25 years imprisonment. Upon review of the record, the court finds that the petition must be dismissed as untimely under the one-year statute of limitations now applicable to § 2254 petitions, pursuant to 28 U.S.C. § 2244(d).

The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> The limitation period shall run from the latest of---
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A - D). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d

1

701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

The court filed Abdul-Sabur's § 2254 petition conditionally and offered him an opportunity to provide information about the timeliness of his petition under § 2244(d). He responded with additional argument. Abdul-Sabur states the following facts about his trial, appeal, and post-conviction proceedings. He pleaded not guilty to all charges, but was then found guilty by a jury. He appealed his convictions and sentence to the Court of Appeals of Virginia and then to the Supreme Court of Virginia, which denied his petition for appeal on January 5, 2001. On December 12, 2006, Abdul-Sabur filed a petition "Motion to Vacate" in the Circuit Court for Albemarle County, asserting that the court did not have jurisdiction under Virginia law because the record failed to reflect that both of his crimes occurred within the county. The circuit court dismissed the petition on March 30, 2007. Abdul-Sabur's appeal to the Supreme Court of Virginia was denied on April 25, 2007, and his petition for rehearing was denied on March 5, 2008. He signed and dated this federal habeas petition on March 11, 2008, raising the same claim that he raised in his Motion to Vacate.[1]

Subsections C and D of Section § 2244(d)(1) clearly do not apply to Abdul-Sabur's case. None of his claims rely upon a constitutional right newly recognized by the United States Supreme Court, and he clearly knew the facts necessary to support his claims at the time of the trial. He argues that state officials "impeded" his ability to file his claims in state or federal court by assigning

---

[1]Abdul-Sabur has filed two motions, seeking to bring additional arguments on timeliness and to add another habeas claim, that counsel was ineffective. See Dkt. Nos. 5 & 6. The court will grant both of these motions to the extent that the arguments raised will be added to petitioner's pleadings. Because the petition must be dismissed as untimely, however, the court will not address the ineffective assistance claim on the merits.

2

him to Red Onion State Prison ("Red Onion") from November 2, 2000, until his transfer to Wallens Ridge State Prison ("Wallens Ridge") on June 5, 2007. At Red Onion, according to Abdul-Sabur, he was on lock down for 23 hours each day and did not have access to the law library, which "disallowed him" from exercising "due diligence" in seeking habeas relief. Only after he could access the law library at Wallens Ridge did he discover that "the judgments of the court were void." Other than his own conclusory allegations, Abdul-Sabur offers no evidence whatsoever of any attempts he made at Red Onion to obtain access to legal materials or legal assistance. The mere fact that he had no physical access to a law library does not prove an unconstitutional denial of access to courts,[2] and he fails to point to any specific materials he needed that prison officials at Red Onion refused to provide upon request. See Lewis v. Casey, 518 U.S. 343 (1996) (finding that constitution does not require certain type of legal assistance or legal access for inmates and that to prove constitutional violation, inmate must show lack of access significantly hampered his ability to litigate viable legal claim). Thus, the court cannot find that he demonstrates any constitutional "impediment" related to being housed at Red Onion for six years so as to invoke calculation of his statutory limitation period under § 2244(d)(1)(B).

The timeliness of Abdul-Sabur's petition must be calculated, then, under Subsection A, based on the date upon which his convictions became final. His conviction became final on April 5, 2001, once he had completed his direct appeal to the Supreme Court of Virginia and had elected not to file a petition for a writ of certiorari to the United States Supreme Court within ninety (90) days thereafter. See United States v. Clay, 537 U.S. 522, 525 (2003). At that point, the one-year period

---

[2]Court records indicate that while Abdul-Sabur was housed at Red Onion between November 2000 and June 2007, he filed seven civil actions in this court alone.

for him to file a § 2254 petition began to run. It expired on April 5, 2002. Abdul-Sabur did not file his federal petition until March 2008, nearly six years after his conviction became final.

Under § 2244(d)(2), the federal filing period is tolled (stopped) during the pendency of any properly filed state court post conviction proceedings. Abdul-Sabur admits that he did not file any state habeas petitions between April 2002 and December 2006, when he filed his motion to vacate in the state circuit court. As that 2006 motion to vacate was filed long after the one-year federal filing period had expired, the filing and pendency of that motion and the subsequent appeal did not toll the filing period, even if those actions qualified as a properly filed post-conviction proceedings.

In conclusion, Abdul-Sabur offers no justification for his failure to submit his federal petition within one year of the date on which his conviction became final. Nor does he offer any ground on which statutory or equitable tolling is warranted. His only argument regarding timeliness is that he may raise at any time a claim that the 2001 judgment of the circuit court is void for lack of jurisdiction. He is mistaken. The limitation period set forth in § 2244(d) does not include any exception for claims asserting lack of jurisdiction. Accordingly, the court concludes that Abdul-Sabur's petition must be summarily dismissed as untimely filed, pursuant to § 2244(d) and Rule 4 of the Rules Governing §2254 Proceedings. This rule allows a judge to dismiss a habeas petition if it is clear from the face of the petition that the petitioner is not entitled to relief. An appropriate order shall be entered this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a

4

Case 7:08-cv-00230-JCT-mfu   Document 7   Filed 04/17/08   Page 4 of 5   Pageid#: 58

constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send copies of this memorandum opinion and final order to petitioner.

ENTER: This /7th day of April, 2008.

/s/ James C. Turk
Senior United States District Judge